UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PARMINDER SINGH, | ) |
| | ) CASE NO. C13-1136-JCC-MAT |
| Petitioner, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| ICE FIELD OFFICE DIRECTOR, | ) |
| | ) |
| Respondent. | ) |
| | ) |

I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention, and seeking either supervised release or a bond hearing. (Dkt. 3.)  He is detained in the custody of Immigration and Customs Enforcement ("ICE") pursuant to 8 U.S.C. § 1226(a), pending a decision on whether he is to be removed from the United States.  Respondent has moved to dismiss, arguing that an Immigration Judge reviewed petitioner's custody status and denied him release on bond. (Dkt. 7.)  Respondent asserts that petitioner's detention remains lawful because he has received all the benefits of due process to which he is entitled.

REPORT AND RECOMMENDATION
PAGE -1

For the reasons set forth below, I recommend that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice.

## II.     BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of India who entered the United States on September 16, 2002, without a valid entry document. (Dkt. 8, Exh. A.) On August 25, 2005, petitioner was served with a Notice to Appear, charging him with removability under 8 U.S.C. §§ 1227(a)(1)(A) and 1182(a)(7)(A)(i)(I), because he did not possess a valid visa, reentry permit, border crossing identification card or other valid entry document at the time of entry. *Id.*

On December 17, 2008, an Immigration Judge denied petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture, and granted his application for voluntary departure, with an alternate order of removal to India. (Dkt. 8, Exh. B.) Petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"). Petitioner posted bond and remained free on bond pending his appeal. (Dkt. 8, Exh. C.) On December 7, 2010, the BIA affirmed the removal order and dismissed the appeal, and permitted voluntarily departure on or before February 8, 2011. (Dkt. 8, Exh. D.)

On April 9, 2012, ICE issued a Notice – Immigration Bond Breached, which stated that petitioner had failed to submit proof that he had departed the United States on or before expiration of the voluntary departure. (Dkt. 8, Exh. E.)

On October 5, 2012, petitioner was apprehended by immigration officials in Blaine, Washington while attempting to reenter the United States from Canada. (Dkt. 8, Exh. F.) Petitioner admitted that he had fled to Canada approximately two months ago, and illegally

reentered the United States on October 5, 2012.  *Id*.  ICE issued a Notice of Intent/Decision to Reinstate Prior Order under 8 C.F.R. § 241.8(e).  (Dkt. 8, Exh. G.)  Petitioner was transferred to the Northwest Detention Center in Tacoma, Washington for removal to India.  (Dkt. 8, Exh. H.)

On November 27, 2012, ICE issued a Notice of Failure to Comply Pursuant to 8 C.F.R. § 241.4(g), indicating that petitioner had refused to comply with his obligation to assist in obtaining a travel document for his removal from the United States.  Specifically, on October 26, October 31, November 7, November 15, and November 26, 2012, petitioner had refused to sign his travel document application.  (Dkt. 8, Exh. I.)  The Notice stated that petitioner would remain in ICE custody until he demonstrates that he is "making reasonable efforts to comply with the order of removal" and "cooperating with ICE's efforts to remove [him]."  *Id*.  On January 28, 2013, ICE issued a second Notice to Failure to Comply Pursuant to 8 C.F.R. § 241.4(g), indicating that on December 28, 2012 petitioner refused to sign his travel document application.  (Dkt. 8, Exh. J.)  The Notice stated, "[a]s you have failed to comply with your obligation and are acting to prevent your removal from the United States[,] [t]he removal period is therefore extended in your case."  *Id*.

"[Petitioner's travel document] application was ultimately submitted without his signature and [was] accepted by the Indian Consulate."  (Dkt. 8, Exh. L.)  On January 10, 2013, the Indian Consulate issued a travel document which was valid until April 10, 2013.  (Dkt. 8, Exh. K.)  On August 9, 2013, the Indian Consulate renewed the validity of the travel document until October 28, 2013.  (Dkt. 8, Exh. Q; Dkt. 9 at 2.)

On February 22, 2013, petitioner was referred to an asylum officer for an interview to

determine whether he has a "reasonable fear" of persecution or torture, after he expressed a fear of returning to India.  (Dkt. 9.)  Petitioner's case remains pending with the asylum officer.

On March 20, 2013, the BIA denied petitioner's motion to reopen removal proceedings. Dkt. 7 at 4.  On March 28, 2013, petitioner filed a petition for review of the BIA's decision and motion for stay with the Ninth Circuit Court of Appeals, which triggered a temporary stay of removal.  *See Singh v. Holder*, Case No. 13-71108, Dkt. 1 (9th Cir. filed March 28, 2013).  On May 30, 2013, the Ninth Circuit denied petitioner's motion for stay of removal pending review, lifting the temporary stay of removal.  *See id*., Dkt. 6.

On May 9, 2013, petitioner requested a bond redetermination hearing before an Immigration Judge pursuant to 8 C.F.R. §§ 1003.19, 1236.1(d).  (Dkt. 8, Exh. N.)  On May 22, 2013, an Immigration Judge held an individualized bond hearing.  The Immigration Judge denied bond based on his finding that petitioner was a flight risk.  (Dkt. 8, Exh. O.)

On July 8, 2013, petitioner filed the instant habeas petition.  (Dkt. 3.)  On August 12, 2013, respondent filed a return, along with a motion to dismiss.  (Dkt. 7.)  Petitioner did not file a response.  Accordingly, the briefing is complete and the petition is ready for review.

### III.   DISCUSSION

A. <u>Jurisdiction</u>

Petitioner brings this action pursuant to 28 U.S.C. § 2241, which authorizes the district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or

treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  The Court has habeas jurisdiction under § 2241 because petitioner was detained within its jurisdiction at the time he filed his petition, and he asserts that his detention is unlawful.

B.  <u>Pre-Removal Period Detention</u>

Petitioner challenges the lawfulness of his pre-removal period detention, arguing that he is entitled to release on bond or conditions.   He contends that "[a]n alien should not be detained or required to post bond unless it is found that he is a threat to the national security or a poor bail risk."  (Dkt. 3 at 2 (citing *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976).)   Petitioner requests "[t]hat the Court Order the Petitioner to be released on supervised release pending all finality or that the court orders the Agency to hold a bond hearing were individual factors are considered the can allow for the release of the Petitioner pending the conclusion of his legal matters."  *Id*.

Title 8 U.S.C. § 1226(a) provides the framework for the arrest, detention, and release of aliens in removal proceedings.   That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings.  *See id*.  Section 1226(a) provides, in part, as follows:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.  Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
>     (1) may continue to detain the arrested alien; and
>     (2) may release the alien on –
>         (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>         (B) conditional parole . . .

8 U.S.C. § 1226(a).

In making a bond decision, "an Immigration Judge must consider whether an alien who

seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) (citing *Matter of Patel*, 15 I&N Dec. at 666).  An Immigration Judge may also consider any number of discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

*Matter of Guerra*, 24 I&N Dec. at 40.

In this case, the record shows that petitioner was afforded an individualized bond hearing before an Immigration Judge and was provided the opportunity to submit evidence in support of his release.  In determining whether petitioner was entitled to a bond, the Immigration Judge considered whether petitioner was a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.  The Immigration Judge denied bond, finding petitioner was a flight risk.  Accordingly, the Court agrees with respondent that this action should be dismissed because petitioner has already received all of the benefits of due process to which he is entitled.

It is well established that the Court lacks habeas jurisdiction to review the Attorney General's discretionary decision under 8 U.S.C. § 1226(e).  *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("alien may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to

judicial review, see § 1226(e)."). That provision provides, "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1236(e). Although the Court retains jurisdiction to review discretionary decisions where the detention violates due process or exceeds statutory authority, *Gutierrez-Chavez v. INS*, 298 F.3d 824, 828 (9th Cir. 2002), petitioner fails to articulate any constitutional or statutory claim. As the Court can provide no other relief, petitioner's habeas petition should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 18th day of September, 2013.

Mary Alice Theiler
Chief United States Magistrate Judge